IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TERRY L BARBER,

        Plaintiff

        VS.

Warden ANTOINE CALDWELL, *et. al.*,

        Defendants

NO. 5:17-cv-00051-MTT-MSH

## O R D E R

*Pro* se Plaintiff Terry L Barber, currently incarcerated in Calhoun State Prison, submitted a *pro se* complaint under 42 U.S.C. § 1983 complaining of injuries sustained while he was confined in Wilcox State Prison. Plaintiff seeks to proceed in this action without prepaying the $400.00 filing fee and has filed an amended complaint clarifying the relief he seeks. Plaintiff's motion for leave to amend (ECF No. 5) is **GRANTED**.[1]

The Court has now reviewed the complaint, amended complaint, and all other submissions and finds that Plaintiff may not proceed in this action without first prepaying the full $400.00 filing fee, as at least three of his prior federal lawsuits were dismissed as frivolous, malicious, or for failure to state a claim and count as "strikes" under 28 U.S.C. §

---

[1] Plaintiff attached his proposed amended complaint to his motion seeking leave to amend. Plaintiff's amendment primarily details the relief he seeks, which includes, among other things, the option to choose his own roommate, the "right" to express himself through "looks" and "hair," arrangements with Glynn County for Plaintiff to go shopping, a $2.5 million payment every time his property is interfered with, and placement in re-entry. ECF No. 5 at 2-3.

1915(g). Plaintiff's motion to proceed *in forma pauperis* is **DENIED,** and this action is **DISMISSED without prejudice**.

I. **Discussion**

Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited and leave may not be granted unless the prisoner shows an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim. *See Barber v. Gunderson*, 2:98-cv-00242 (S.D. Ga. Dec. 18, 1998) (dismissed for failure to state a claim); *Barber v. Morgan*, 2:98-cv-00246 (S.D. Ga. Dec. 23,1998) (dismissed for

failure to state a claim); *Barber v. Coastal State Prison*, 4:98-cv-00215 (S.D. Ga. Sept 17, 1998) (dismissed for failure to exhaust administrative remedies[2]).[3]

Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *Medberry*, 185 F.3d at 1193. The Court is therefore now required to review the facts alleged in Plaintiff's complaint to determine whether an imminent danger exists and warrants an exception to the three strikes rule. When reviewing a pro se complaint for this purpose, the district court must accept all factual allegations in the complaint as true and view all allegations of imminent danger in the plaintiff's favor. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The imminent danger exception applies only in "genuine emergencies" when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, to satisfy this provision, a prisoner must allege specific facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown*, 387 F.3d at 1350). Vague, factually

---

[2] A claim dismissed for failure to exhaust administrative remedies "is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera v. Allen*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, a dismissal for failure to exhaust administrative remedies counts as strike under the PLRA. *See Green v. Lumpkin*, 2015 WL 4255874, at *2 n.2 (M.D. Ga. 2015) (citing *Rivera*, 144 F.3d at 731).

[3] The Eleventh Circuit Court of Appeals previously determined that the "three strikes" provision of the PLRA is applicable to Plaintiff. *See Barber v. Warden*, No. 13-15529 (11th Cir. 2013); *Barber v. Medlin*, 3:13-cv-0078, at ECF No. 10 (S.D. Ga. Oct. 23, 2013).

unsupported, and general allegations do not suffice, nor do allegations of past injuries. *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The imminent danger must in fact exist at the time of filing. *Medberry*, 185 F.3d at 1193.

Plaintiff alleges that he was sexually assaulted in 2016 while confined at Wilcox State Prison. ECF No. 1 at 5. The assault led to Plaintiff's involvement in a fight later that same day. The substance of Plaintiff's complaint, however, primarily focuses on his placement in administrative segregation pending an investigation of the sexual assault or fight. *Id*. Plaintiff also initially sought to return to general population and complains only of Warden Caldwell and Lieutenant Alfonzo's "fail[ure] to follow state and federal procedures" related to the investigation of the fight. *Id*. Plaintiff's pleadings indicate that he suffered a violent attack, but they do not indicate that such an attack is likely to recur or that there is a continuing threat. Plaintiff's underlying claim thus does not indicate that he faced an ongoing threat to his physical safety at the time he filed his complaint. Plaintiff has alleged no other facts concerning a threat of physical injury. Accordingly, Plaintiff has not shown that he qualifies under the imminent danger exception to 1915(g).

**II.     Conclusion**

Because Plaintiff has three prior dismissals that properly qualify as strikes under 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* **DENIED**. Once a plaintiff is denied *in forma pauperis* status, he cannot simply pay the filing fee and proceed with his complaint. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

4

Accordingly, Plaintiff's complaint is **DISMISSED without prejudice**. *Id.* (the proper procedure is to dismiss the complaint without prejudice). The clerk is **DIRECTED** to terminate all remaining motions as **MOOT**.

**SO ORDERED**, this 1st day of May, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
